IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BIOFIRE DEFENSE, LLC a Delaware limited liability company; and UNIVERSITY OF UTAH RESEARCH FOUNDATION, a Utah non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FLUIDIGM CORPORATION, a Delaware corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME AND PLAINTIFFS' MOTION FOR LEAVE TO AMEND<br><br><br>Case No. 2:16-CV-430-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion for Leave to File a Second Amended Complaint and Defendant's Motion for Extension of Time to File a Reply as to Defendant's Renewed Motion to Dismiss.[1]  For the reasons discussed below, the Court will grant both motions.

## I.   INTRODUCTION

On May 23, 2016, Plaintiffs filed a Complaint alleging that Defendant's Biomark product infringes two patents owned by the University of Utah Research Foundation and exclusively licensed to BioFire Defense, LLC.  On October 27, 2016, Defendant filed a Motion to Dismiss for lack of jurisdiction, among other things.  In response, Plaintiffs amended their Complaint on November 17, 2016, and Defendant withdrew the Motion to Dismiss.  On December 12, 2016,

---

[1] Also before the Court are a Motion to Dismiss and a Motion for Jurisdictional Discovery.  Those motions are not addressed here.

Defendant filed a Renewed Motion to Dismiss, again arguing lack of personal jurisdiction.  On January 9, 2017, Plaintiffs made a Motion for Leave to File a Second Amended Complaint.  On the same day, Plaintiffs responded to the Motion to Dismiss.  Defendant then consented to Plaintiffs' motion to amend and, expecting the amended Complaint to render the previous Complaint a nullity, requested an extension of time to file a reply to its Motion to Dismiss.

## II.  DISCUSSION

### A.  PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

"The court should freely give leave" to amend a complaint "when justice so requires."[2] "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendments, etc.—the leave sought should, as the rules require, be freely given."[3]

Plaintiffs filed their Motion for Leave to File a Second Amended Complaint less than two months after Plaintiffs filed their First Amended Complaint and less than one month after Defendant filed its Motion to Dismiss.  Defendant has not opposed Plaintiffs' request.  There is no suggestion of bad faith, dilatory motive or undue delay, and Plaintiffs have represented that they will add no new claims.  Therefore, the Court will grant Plaintiffs' Motion.

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted).

### B.  DEFENDANT'S MOTION FOR EXTENSION OF TIME

The object of the Motion for Extension of Time is to avoid filing a Reply that will become moot when the Second Amended Complaint is filed.  Defendant wishes to end the current round of briefing and file a renewed Motion to Dismiss to address the Second Amended Complaint.  Plaintiffs oppose Defendant's Motion, requesting that the Court resolve some issues—including personal jurisdiction and venue—based on the First Amended Complaint.

Both parties argue that their proposed procedure will be most efficient.  The primary difference between the approaches is that under the Plaintiffs' approach, the jurisdictional issues would be decided on the basis of the First Amended Complaint while the balance of the issues would be decided on the basis of the Second Amended Complaint.  Plaintiffs have filed a copy of a proposed Second Amended Complaint, and Defendant points out that there are minor alterations in Plaintiffs' jurisdictional allegations.

An amended complaint supersedes the original and renders it of no legal effect.[4]  Considering that Plaintiffs' filing of the Second Amended Complaint is imminent and has the potential to alter both the jurisdictional and substantive arguments raised in Defendant's Motion to Dismiss, the Court will grant Defendant's Motion for Extension of Time, eliminating the need for Defendant to file a Reply.  The Court will wait to resolve the parties' disputes, including Plaintiffs' Motion for Jurisdictional Discovery, until Defendant has had an opportunity to renew its Motion to Dismiss.

---

[4] *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005).

## III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket No. 41) is GRANTED. It is further

ORDERED that Defendant's Motion for Extension of Time (Docket No. 48) is GRANTED. Plaintiffs should file their Second Amended Complaint within fourteen days. Thereafter, Defendant should withdraw its current Motion to Dismiss and file a renewed motion based on the Second Amended Complaint.

DATED this 7th day of March, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge